**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HERMAN T. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-24-917-HE |
| | ) | |
| OKLAHOMA PARDON AND PAROLE | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Herman T. Clark, a state prisoner appearing *pro se*, commenced this action seeking relief under 42 U.S.C. § 1983 and Oklahoma law.  The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C).  On March 26, 2025, Judge Stephens, upon initial screening, issued a Report and Recommendation ("Report") recommending plaintiff's Amended Complaint be dismissed in its entirety.  Specifically, the Report recommended the court dismiss with prejudice plaintiff's § 1983 claims as time-barred or, in the alternative, for failure to state a claim upon which relief may be granted.  It further recommended that the court decline to exercise supplemental jurisdiction over the remaining state-law claims and dismiss those claims without prejudice.

Plaintiff has timely objected to the Report. and Recommendation.[1]  He asserts his

§ 1983 claims should not be dismissed with prejudice based on statute of limitations

grounds.  According to plaintiff, the applicable statute of limitations is longer than two

years.  He also seeks to invoke the repeated violation doctrine.  Plaintiff does not directly

address the Report's alternative ground that his § 1983 claims be dismissed for failure to

state a claim.  Instead, plaintiff asserts only that the magistrate judge misinterpreted his

claims as based on "parole procedure instead of commutation authorized by statutory law."

Doc. #12, ECF p. 2.

The court is unpersuaded by plaintiff's objections.  The Report correctly noted that

§ 1983 claims like those asserted here are governed by the personal injury statute of

limitations in the state where the claim arose.  Vasquez v. Davis, 882 F.3d 1270, 1275 (10th

Cir. 2018).  In Oklahoma, that is two years, and plaintiff cannot alter the applicable statute

merely by announcing that he is also bringing claims under contract law.  He offers no

explanation or authority for why his federal claims should be viewed as anything other than

ones subject to a two year statute.  Further, it is clear that the two year statute ran on

plaintiff's purported claim before he filed this case, regardless of whether the claim is

viewed as based on the 2018 or 2019 amendment to the pertinent Oklahoma statute.[2]

Finally, his reliance on the repeated violation doctrine is unpersuasive.  He relies on

---

[1] *Plaintiff has moved to clarify an ambiguity in the last paragraph on page 8
of his objection.  The court will grant the motion and has considered the
proposed amendment to the objection.*

[2] *Plaintiff acknowledges he knew "his constitutional rights were violated June
20, 2020."  Doc. 12 at ECF p.4.  This case was filed on September 9, 2024.*

Herrera v. City of Espanola, 32 F.4th 980 (10th Cir. 2022) ("[T]he repeated violation doctrine is available in the § 1983 context."). "To invoke the repeated violation doctrine, a plaintiff must identify a discrete act occurring within the statute of limitations period and not just the continuing effect of, or continuing harm from, a discrete act that occurred outside the limitations period." *Id*. at 995. Plaintiff fails in his objection to identify a discrete act by defendants regarding the commutation process that occurred within the two-year limitations period. The result is that plaintiff's § 1983 claims are barred by the applicable two-year statute of limitations.

The same result follows from the merits determination stated as an alternate ground in the Report. The Report noted the various authorities indicating the First Amended Complaint fails to state a § 1983 claim. Plaintiff's objection does not take issue with those principles in general, but argues that the Report was in error to the extent it discussed parole situations rather than the commutation process. The objection also suggests a 2019 amendment, effective November 1, 2019, altered the landscape.[3]

------

[3] *Plaintiff's claims regarding commutation rely on H.B. No. 1269 which amended Okla. Stat. tit. 57, § 332.2, by adding the following section:*

> *The Pardon and Parole Board shall establish an accelerated, single-stage commutation docket for any applicant who has been convicted of a crime that has been reclassified from a felony to a misdemeanor under Oklahoma law. The Pardon and Parole Board shall be empowered to recommend to the Governor for commutation, by a majority vote, any commutation application placed on the accelerated, single-stage commutation docket that meets the eligibility criteria provided above. The Department of Corrections shall certify a list of potentially eligible inmates to the Pardon and Parole Board within thirty (30) days of the effective date of this act.*

While the Report treated plaintiff's § 1983 claims as challenging parole procedures rather than commutation, the court concludes the analysis of those claims (violations of the Fourteenth, First, and Eighth Amendments) would not change. As with the parole process, plaintiff does not have a liberty interest in commutation entitling him to due process protection under the Fourteenth Amendment. *See* Parker v. Dowling, 664 Fed. Appx. 681, 682 (10th Cir. 2016) ("Under Oklahoma law, upon favorable recommendation by a majority vote of the Pardon and Parole Board, the power to commute a sentence is in the sole discretion of the Governor. Thus, the prospect of commutation is necessarily a speculative event, one in which the prisoner has no liberty interest protected by the Due Process Clause.") And because plaintiff has no legitimate entitlement to commutation, neither the denial of it nor the lack of enforceable commutation guidelines can constitute cruel and unusual punishment under the Eighth Amendment. *See* Malek v. Haun, 26 F.3d 1013, 1016 (10th Cir. 1994).

The Report's other conclusions as to failure to state a claim are substantially correct. Conclusory allegations about defendants not providing plaintiff a "fair opportunity to be heard" fail to state a plausible claim under the First Amendment. As to the purported equal protection claim, plaintiff has failed to "identify any similarly-situated individual that has been given any different or beneficial treatment'" and his "'bare equal protection claims

---

*2019 Okla. Sess. Laws ch. 459, § 5 (codified at Okla. Stat. tit. § 332.2(F)).*

*The court is unpersuaded that Oklahoma has reclassified plaintiff's crime — murder in the first degree — from a felony to a misdemeanor or that it would not be viewed as a "violent" crime. The amended language is therefore of no assistance to plaintiff.*

4

are simply too conclusory to permit proper legal analysis;'" thereby resulting in a failure to state a plausible claim under the Fourteenth Amendment.  *See* <u>Clark v. Oklahoma Pardon and Parole Board</u>, Case No. CIV-20-981-C, 2021 WL 1137963, at *2 (W.D. Okla. Jan. 28, 2021) (quoting <u>Straley v. Utah Bd. of Pardons</u>, 582 F.3d 1208, 1215 (10th Cir. 2009)); *see also* <u>Daniels v. Dowling</u>, 731 Fed. Appx. 756, 759 (10th Cir. 2018) (concluding that being similarly situated to another individual who was treated differently than plaintiff is "an essential element of an equal protection claim.")

For substantially the reasons stated in the Report, as supplemented above, the Report and Recommendation [Doc. #11] is **ADOPTED.**  Plaintiff's 42 U.S.C. § 1983 claims are **DISMISSED WITH PREJUDICE** as untimely and for failure to state a claim.  The court declines to exercise supplemental jurisdiction over the purported state law claims and those claims are **DISMISSED WITHOUT PREJUDICE**.  A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 4th day of June, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE